UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HELENA MOORE                                    JURY TRIAL DEMANDED

v.                                              CASE NO.  3:14 cv

WILLIAM G. REVELEY
WILLIAM G. REVELEY & ASSOCIATES LLC

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

2. This Court has jurisdiction. 15 U.S.C. §1692k.

3. Plaintiff is a natural person and a citizen of Connecticut.

4. The defendants use the mails in regular efforts to collect personal accounts from consumers on behalf of third parties.

5. On or about March 6, 2014, defendants filed a small claims action against plaintiff on behalf of Hop Energy, LLC.

6. On or about April 8, 2014, defendants obtained a judgment against plaintiff in the amount of $396.52 plus costs, for a total of $496.62. Postjudgment interest was denied.

7. On or about July 29, 2014, the court issued a Financial Institution Execution in the amount of $561.62.

8. Thereafter, defendants caused an execution to be served on plaintiff's bank account, in the sum of $561.61 plus $23.40 interest, plus fees, totaling $680.77.

9. Defendants were aware of the exemption for the first $1,000 in a bank account.

10. By letter dated August 28, 2014, plaintiff reminded defendants that the funds were exempt and requested their return.

11. The court notified defendants on September 8, 2014 that plaintiff had filed an exemption claim form.

12. Instead of returning the exempt funds, defendants forced plaintiff to attend a hearing on September 25, 2014, at which time the exemption was granted.

13. Defendants' collection efforts violated 15 U.S.C. §1692e(2), -f(1) or –g, including by assessing interest when it had not been awarded, <u>Ballou v. Law Offices Howard Lee Schiff, P.C.</u>, 304 Conn. 348, 382, 39 A.3d 1075 (2012), or by failure to promptly return exempt funds. <u>Currier v. First Resolution Inv. Corp.</u>, 762 F.3d 529, 535 (6th Cir 2014)

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such compensatory and statutory damages as are permitted by law, including treble damages for conversion, Conn. Gen. Stat. §52-564, as well as $1,000 statutory damages under the FDCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net